1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARRY BAILEY,                    ) Case No. EDCV 14-1934-JLS (KK)
                                 )
                Petitioner,      )
                                 )
          vs.                    ) ORDER RE SUMMARY DISMISSAL
                                 ) OF ACTION
STU SHERMAN, et al.,             )
                                 )
                Respondents.     )
                                 )

On June 10, 2013, petitioner Larry Bailey ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. CV 13-04135-JLS (KK). The petition purported to be directed to Petitioner's January 20, 2013 conviction for failing to comply with sex offender registration requirements, in violation of California Penal Code § 290(b). On June 26, 2014, Respondent filed a Motion to Dismiss arguing that the petition was completely unexhausted as to each of the four claims presented. On August 22, 2014, the Court issued a Report and Recommendation that the Motion to Dismiss be granted. Objections to the Report and Recommendation are currently due on September 22, 2014.

On September 10, 2014, Petitioner (who is currently confined at the California Substance Abuse Treatment Facility and Prison in Corcoran, California)

1

1   filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody
2   ("Petition").  Docket ("dkt.") 1.  Petitioner filed the Petition in the U.S. District
3   Court in the Southern District of California, and the case was transferred to this
4   Court on September 17, 2014.  Dkt. 6.

5        Although Petitioner has failed to properly complete the Petition, the instant
6   Petition also appears to be directed to Petitioner's 2013 conviction for failing to
7   comply with sex offender registration requirements.  As with the previously-filed
8   petition, Petitioner's grounds for relief in the instant Petition are difficult to
9   discern.  As for Ground One, Petitioner states "Treaties of the United States to be
10  free from racial discrimination with conspired hate crime 422.8."  As for Ground
11  Two, Petitioner states "CA Statue (sic) 422.55."

12       The Court's consideration of Petitioner's claims is governed by the
13  provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L.
14  104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996.
15  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as
16  follows:

17          (1)   A claim presented in a second or successive habeas
18       corpus application under section 2254 that was presented in a prior
19       application shall be dismissed.

20          (2)   A claim presented in a second or successive habeas
21       corpus application under section 2254 that was not presented in a
22       prior application shall be dismissed unless--

23          (A)   the applicant shows that the claim relies on a new
24       rule of constitutional law, made retroactive to cases on
25       collateral review by the Supreme Court, that was previously
26       unavailable; or

27          (B)(i) the factual predicate for the claim could not have
28       been discovered previously through the exercise of due

1    diligence; and

2             (ii)    the facts underlying the claim, if proven and

3    viewed in light of the evidence as a whole, would be sufficient

4    to establish by clear and convincing evidence that, but for

5    constitutional error, no reasonable factfinder would have found

6    the applicant guilty of the underlying offense.

7    (3)    (A)    Before a second or successive application

8    permitted by this section is filed in the district court, the

9    applicant shall move in the appropriate court of appeals for an

10   order authorizing the district court to consider the application.

11       Although it is somewhat unclear as to whether Petitioner is seeking to raise

12   claims not raised in his prior petition, or whether he is raising the same claims, this

13   distinction is immaterial to the Court's analysis.  If Petitioner purports to raise the

14   same claims raised in the prior petition, the instant Petition is barred by §

15   2244(b)(1).  If Petitioner purports to raise new claims, not raised in the prior

16   petition, § 2244(b)(3)(A) requires that the petitioner seek permission from the

17   Circuit to file that second or successive petition.  See Cooper v. Calderon, 274 F.3d

18   1270, 1275 (9th Cir. 2001).  Such permission will be granted only if "the

19   application makes a prima facie showing that the application satisfies the

20   requirements of [Section 2244(b)]."  See id.  Only after the Circuit has made the

21   initial determination that the petitioner has made a prima facie showing under §

22   2244(b)(2) does the district court have any authority to consider whether the

23   petitioner has, in fact, met the statutory requirements of § 2244(b).

24       While it does not appear to the Court that Petitioner can make the requisite

25   prima facie showing here, that is a determination for the Ninth Circuit to make in

26   the first instance.  Petitioner's failure to secure an order from the Ninth Circuit

27   authorizing the District Court to consider any purported new claims being alleged

28   in the Petition now pending, prior to his filing of the Petition in this Court,

3

1   deprives the Court of subject matter jurisdiction.  See Cooper, 274 F.3d at 1274.

2        IT THEREFORE IS ORDERED that this action be summarily dismissed,

3   pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

4   District Courts.

5        IT IS FURTHER ORDERED THAT JUDGMENT BE ENTERED

6   ACCORDINGLY.

7

8   DATED:     September 22, 2014

9

10

                                    HON. JOSEPHINE L. STATON

11                                 UNITED STATES DISTRICT JUDGE

12

   Presented by:

13

14

   Kenly Kiya Kato

15   United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4